# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| TONYA A. WALKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 16-CV-762-TCK-FHM |
| SPIRIT AEROSYSTEMS, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss ("Motion to Dismiss") (Doc. 12) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

**I.  Factual Allegations in Complaint**

Plaintiff Tonya Walker was employed by Defendant Spirit Aerosystems, Inc. from May 19, 2006 until her discharge on October 13, 2015. In November of 2011, Plaintiff was diagnosed with Multiple Sclerosis ("MS"), which creates muscle weakness and fatigue. Plaintiff provided medical documentation of her diagnosis to Defendant in January of 2012 and requested a reasonable accommodation. Defendant treated Plaintiff in a retaliatory fashion, prompting Plaintiff to file a Charge of Discriminating with the Equal Employment Opportunity Commission ("EEOC") on August 27, 2012, Charge No. 564-2012-01314 ("2012 Charge"). After Plaintiff received a right to sue letter, Plaintiff and a member of Defendant's human resources department, Martha Webb Jones, were able to resolve the issues to Plaintiff's satisfaction, and Plaintiff elected not to sue.

In May of 2015, Plaintiff was working on an assignment referred to as "Center and Outboard D-Beams" ("D-Beams"). She was happy with this assignment and alleges she could perform the job without any accommodation. (Compl. ¶ 25.) After returning from a three-week medical leave, Plaintiff was removed from the D-Beams position and assigned to other jobs that were more

demanding and required training she never received. Plaintiff alleges she "requested to be accommodated by being returned to the Center and Outboard D-Beams position" but that Defendant did not engage in a good-faith interactive process and denied her request. (*Id.* ¶ 34.) Plaintiff further alleges she began receiving write-ups and counseling for deficient work. Ultimately, she was placed on suspension and then terminated on October 13, 2015.

On August 3, 2016, Plaintiff executed a second Charge of Discrimination, Charge 564-2016-01393 ("2016 Charge"), which is set forth in detail below. Plaintiff received her right to sue letter on the 2016 Charge and filed a Complaint in this Court asserting two causes of action. First, Plaintiff asserts a claim for "unlawful discrimination in employment/failure to accommodate," in violation of 42 U.S.C. § 12111(8) of the American with Disabilities Act ("ADA"). This claim is based on Defendant's failure to accommodate Plaintiff or engage in any interactive process when Plaintiff requested to return to the D-Beams position. (Compl. ¶¶ 53-55.) Second, Plaintiff asserts a claim for "unlawful discrimination in employment/retaliation," in violation of 42 U.S.C. § 12203. This claim is based on Defendant's alleged retaliatory actions of writing her up for deficient performance, suspending her, and ultimately discharging her after she requested the accommodation of returning to the D-Beams position. (Compl. ¶¶ 60-63.)

## II. Construction of Motion

Defendant moves to dismiss because Plaintiff failed to exhaust administrative remedies as to the two claims asserted in the Complaint because they are not within the scope of the 2016 Charge. Specifically, Defendant contends Plaintiff failed to identify either of the two discrete employment actions alleged in the Complaint – failure to accommodate and retaliation – in her 2016 Charge. Defendant styled its motion as one pursuant to Rule 12(b)(6) and urges the Court to consider it as such. Plaintiff does not object to this procedure and cites the Rule 12(b)(6) standard in her response brief.

The Tenth Circuit, and this Court, have traditionally treated exhaustion of administrative remedies as a jurisdictional prerequisite to a Title VII suit. *See, e.g., Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("Unlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII not merely a condition precedent to suit."). However, the Tenth Circuit held in 2015 that "verification" of an EEOC charge was not a jurisdictional requirement and was instead merely a condition precedent to filing suit. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1038 (10th Cir. 2015). The *Gad* court called into question whether other "exhaustion requirements" – including whether the claim filed in district court is within the scope of the EEOC charge – should properly be treated as jurisdictional. *See id.* (stating that logic in *Shikles* and similar Tenth Circuit precedent "is at odds with the Supreme Court's instructions"); *see also Arabalo v. City of Denver*, 625 F. App'x 851, 859-60 (10th Cir. 2015) (explaining that *Gad* "called into question some of our circuit's earlier decisions concluding we lacked subject-matter jurisdiction for other failures to meet Title VII's requirement" declining to overrule precedent such as *Shikles*; but then treating issue of whether rape was within scope of EEOC charge as a "condition precedent" rather than a jurisdictional requirement). In light of *Gad* and *Arabalo*, at least one judge in this district treated a Rule 12(b)(1) motion based on failure to exhaust remedies as a Rule 12(b)(6) motion. *See Munoz v. Navistar Int'l Corp.*, No. 13-CV-357-JED-FHM, 2015 WL 5775183, at *2 (N.D. Okla. Sept. 30, 2015) ("The Court will instead determine the motion under Rule 12(b)(6), because the Tenth Circuit recently called into doubt prior decisions that Title VII exhaustion requirements are jurisdictional.").[1]

---

[1] Counsel for the defendant in *Munoz* also represents the defendant in this case. Understandably, counsel styled this motion as one pursuant to Rule 12(b)(6) rather than Rule 12(b)(1).

The Court follows the course outlined in *Arabalo* and *Munoz*. The Court assumes that, under the reasoning of *Gad*, any and all administrative exhaustion requirements that are not located in Title VII's jurisdictional subsection, 42 U.S.C. § 2000e–5(f)(3), are merely conditions precedent to suit rather than jurisdictional prerequisites. Neither party has urged that the Court treat the issue as jurisdictional, and the Court concludes that this treatment is best supported by Tenth Circuit law as a whole. Accordingly, the Court will consider the motion under the Rule 12(b)(6) standard.

### III. Rule 12(b)(6) Standard[2]

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

---

[2] The parties submitted two evidentiary items - the 2012 Charge and the 2016 Charge. The parties agree that both are referenced in the Complaint and that the Court may consider this evidence without converting the motion to one for summary judgment. *See Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (explaining that a "court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim, and the parties do not dispute the documents' authenticity"). Accordingly, the Court analyzes the motion pursuant to Rule 12(b)(6) and does not convert the motion to one for summary judgment.

Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

## IV. Exhaustion of Remedies

"[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). Courts must liberally construe EEOC charges in determining whether remedies have been exhausted as to a particular claim. *Id.* However, a court's inquiry "is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *Id.* "In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]" *Id.* "[T]his follows from the rule that each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id.* (internal quotations omitted). Therefore, any discrete employment actions occurring after an EEOC charge are submitted are not exhausted. *Id.* "It is for the district court to determine whether the plaintiff has complied with the regulatory requirements when the defendant raises the issue of failure to exhaust administrative remedies." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105-06 (10th Cir. 2002).

A.  **Failure to Accommodate Plaintiff's Request to Move Back to the D-Beams Position**

On the 2016 Charge, Plaintiff checked the "disability" and "retaliation" boxes. The narrative portion reads:

> I.  On or about May 19, 2006, I was hired as an Aircraft Structures Assembly Mechanic. In 2012, I was demoted to a Logistics Technician because management thought I needed a reasonable accommodation. At this time, I filed my first U.S. EEOC Charge of Employment Discrimination, 564-2012-01314. Through my own action working with Martha Webb Jones, Human resources Director, I was place [sic] back in the Aircraft Structures Assembly Mechanic position on or about April 2014. Once back in this position, I was rotated through seven different areas and eventually ended up assigned to Carlos Palachios, Supervisor, area of responsibility. While assigned to this area, two co-workers, John Holms and Mike Gilbreth, constantly complained to Mr. Palachios about my performance and conduct on the shop floor. As a result, Mr. Palachios would constantly come over and ask me questions and observe my work. I complained to Human Resources about disability discrimination. On October 13, 2015, I was terminated.
> II. The justification given for termination was that I was putting to much primer paint over parts, so I must be trying to hide defective work.
> III. I believe I have been discriminated against because of my disability and retaliated against in violation of the Americans with Disabilities Act Amendment Act (ADAAA).

(Doc. 12-1.)

As an initial matter, the Court observes that checking the "disability" box does not automatically exhaust administrative remedies for a failure-to-accommodate claim. *Jones*, 502 F.3d at 1187; *Lara v. Unified Sch. Dist. 501*, 350 F. App'x 280, 285 (10th Cir. 2009). However, "failure to accommodate" is certainly within the large category of "disability discrimination," and there is not a specific "failure to accommodate" box on the form. Therefore, no presumption arises from Plaintiff's failure to check any particular box in this case. *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir.1998) (explaining that failure to check the appropriate box on the administrative charge creates a presumption that he or she is not asserting claims represented by boxes not checked).

The issue presented is whether "an investigation into whether [Defendant] failed to accommodate [Plaintiff]" can "reasonably be expected to follow" the 2016 Charge, in light of the boxes checked and the supporting narrative. *See Jones*, 502 F.3d at 1187. Construed liberally, the Court finds the 2016 Charge to be sufficient to reasonably prompt an investigation into whether Defendant failed to accommodate a request for an accommodation. First, the words "reasonable accommodation" appear in the narrative. Although used in relation to a former charge that was resolved, this at least puts a reasonable investigator on notice that accommodation had been an issue in the past. Second, the words "rotated through seven different areas and eventually ended up assigned to Carlos Palachios" reasonably indicates that Defendant was attempting to find a job that could accommodate Plaintiff's disability. Although Plaintiff does not expressly state that she requested an accommodation during this time frame, stating that she was "rotated through seven different areas" is language that would lead a reasonable investigator to ask Plaintiff if she was requesting accommodations and if these rotations were for the purpose of finding such an accommodation. Third, Plaintiff stated she "complained about disability discrimination" prior to being terminated. If she was not yet fired, complaining about "disability discrimination" could reasonably include potential failures to accommodate during this time frame.

Defendant's cited cases are distinguishable or without sufficient detail to be persuasive. *See Jones*, 502 F.3d at 1187 (holding that failure-to-accommodate claim was not within the scope of administrative charge where the plaintiff "checked no in response to the question: Did you advise your employer that you needed an accommodation?" and where the "text of the charge [did] not contain facts that would prompt an investigation" of such a claim); *Lara v. Unified Sch. Dist. 501*, 350 F. App'x 280, 285 (10th Cir. 2009) (holding, in conclusory fashion and without setting forth text of charge, that Plaintiff did not "mention" the failure-to-accommodate claim in the text portion of the charge). Construing a document liberally means, at a minimum, that a plaintiff need not use

7

"magic words" or legal jargon. Here, the Court finds the textual description, in conjunction with checking the "disability" box, to be sufficient.

**B. Retaliation Following Failure to Accommodate**

Plaintiff also checked the "retaliation" box. Plaintiff stated she "complained about disability discrimination" and was subsequently terminated. Ordinarily, this would be adequate to exhaust an ADA retaliation claim. Defendant contends, however, that because Plaintiff limited her Complaint to retaliation for requesting an accommodation and because the 2016 charge does not sufficiently allege any request for an accommodation, the charge is also inadequate to exhaust remedies as to retaliation. For similar explained above, the Court finds the 2016 Charge sufficient to prompt an investigation into whether Plaintiff complained about a failure to accommodate and whether this complaint had a causal connection to subsequent adverse employment actions. Plaintiff checked "disability" discrimination, she alleged she was rotated through several positions, she alleged she complained about disability discrimination, and she alleged she was terminated. All of this occurred from April 2014 to October 2015. This is sufficient to exhaust remedies for the ADA retaliation claim asserted in the Complaint.

**V. Conclusion**

Defendants Motion to Dismiss (Doc. 12) is DENIED.

**DATED THIS 5th day of September, 2017.**

**TERENCE C. KERN**
**United States District Judge**